EREemajt, J.,
delivered the opinion of the court.
The original bill in this case was filed to enjoin the collection of two notes, the price of a patent-right sold by defendants, said patent being for the exclusive right of using, making, and vending to others to be used,' a certain machine, called “S. B. McCorkle’s machine for stuffing horse collars.” The two grounds on which relief was sought in the original bill were, first, The false and fraudulent representations of the vendors, as to the value and character of the machine. 2d. That the machine authorized to be made and sold, was utterly worthless.
These questions were decided in favor of the defendants, on appeal to this court. But there had been an amended bill filed in the case, in which the complainants sought relief, on the ground that McCorkle, the inventor of the machine, never had any patent for the machine exhibited to complainants as his patent; that the machine exhibited was. in fact so altered and improved in form and in principle, by changes and ad *90 ditions made to it by one Miller, as to constitute it essentially and substantially a different machine from the one for which he obtained a patent. It is charged in said amended bill, that' the transfer contained no specifications or description of the machine, so that it could be clearly identified; that the sale was made by a machine that one J. B. Lyon had in his possession, and which was exhibited to the purchasers as the machine for which McCorkle had obtained his patent; then follows the charge substantially quoted above,- that Miller and McCorkle had begun to make improvements and additions to the machine, until the form and principle of the machine thus improved, was entirely different from the McCorkle machine, as originally patented; and that this altered and improved machine was the one sold to complainant, or rather exhibited as the machine, the right to make and sell which, was being transferred. It was also charged, that Miller had filed his caveat in the Patent office, claiming this machine as his invention, but had not at that time obtained a patent for it; and that this machine had never been patented by any one.
While the court decreed against complainants, as we have said, on the original bill, as to the matters alleged in this amended bill, the court decreed as follows : “And it further appearing to the court that the witness Miller, as alleged in complainant’s amended bill, had made an application for a patent upon certain alleged improvements upon McCorkle’s machine, and that the machine exhibited to complainants at the time of their purchase, had said alleged improvements *91 attached to it; but because it does not appear whether said alleged improvements were of such a character as to materially change said McCorkle’s machine, or entitle said Miller to a patent upon them, or whether he has obtained a patent for them;” the court therefore ordered that the cause be remanded to the Chancery Court at Greeneville, to the end that further proof may be had, as to these and other material questions arising upon the amended bill, and answers thereto.
It will be seen by this decree, that the court adjudged that Miller had made application for a patent upon certain alleged improvements upon McCorkle’s machine; and that the machine exhibited to complainants at the time of their purchase, had the Miller improvements attached to it; and the case was remanded, to ascertain whether these improvements were of such a character as to change said McCorkle’s machiné materially, or entitle him to a patent on them, or whether he had obtained a patent for them. It is true the decree says in remanding, that it is done in order to “further proof as to these, and other material questions arising upon the amended bill and answers thereto;” but on looking to the amended bill, we find no other material questions presented in it, except the ones in the above statement. • After it is adjudged, that Miller’s improvements were attached to the machine exhibited to complainants at the time of their purchase, and that he has applied for a patent for them, the court had only to inquire, from the proof that might be submitted, whether the improvements attached “were of such a character as to materially change said Me- *92 Corkle’s machine, or entitle Miller to a patent for them, and whether he had obtained such patent.
It is laid down as the law in this case, as reported in 3 Col., 278, and-the opinion in the transcript before us: “ If the machine would not answer its intended purpose, made according to the specifications annexed to the patent, without some alterations, the patent would be void, and there would be a failure of consideration; but if the alteration or improvement is not produced by the introduction of a new principle for which the inventor might obtain a patent, it would not be a sufficient ground for avoiding the contract.” The court further say: “It appears from the record, that the witness Miller has made application for a patent for the improvements he has made upon and attached to McCorkle’s machine. These improvements were attached to the machine and exhibited therewith to the complainants at the time of their purchase. ' What has been the result of Miller’s application for a patent for them, or whether he is entitled to a patent for them, the record does not disclose. If he should be entitled to a patent for them, or should obtain one, the purchasers of McCorkle’s patent would have no right to use them, and complainants would be entitled to relief upon their amended bill. But we are not satisfied, from the evidence in this record, as to the character of the alleged improvements made by Miller. It may be that action on the application of Miller has been had, or may be had, which will settle the question upon which the case turns.” We cite the above from the opinion, from which it *93 appears clearly, that the court held, that the fact being shown, that if Miller’s improvements should not have been perfected into a patent, then the inquiry was to be, as to whether such improvements were a material change on the principle of the McCorlde machine, but that if favorable action had been or should be had on Miller’s application for a patent, then the issuance of such patent .to Miller for such improvements, would be of itself decisive of the question in the case. We think the decree, as explained by the light of the opinion, can only fairly mean this, and does not mean that notwithstanding á patent should be found to have issued to Miller, still the court would go behind the patent, and inquire as to the question of a change of a principle in the machine by Miller’s addition.. We think further, that this construction of the opinion is the correct rule of law on the question. The patent is granted by a department of the Federal Government, which has exclusive power over the subject, by virtue of Art. 1, see. 8, sub-see. 8, of the Constitution of the United States, providing that Congress shall have the power “To promote the progress of science and useful arts, by securing- for limited times to authors and inventors the exclusive right of their respective writings and discoveries;” and the action of the officers in this department, in granting the patent to Miller for his improvements, must'be considered as, at least so far conclusive in his favor, as to his right to exclusive use of such patented improvements, that thG court, or any other State court, would be bound to hold, that he could not be held to the performance *94 of a contract of purchase of a right to use a machine, when the right was so embarrassed, if not settled conclusively against him. At any rate, we think the true construction of the decree of the court, taken in connection with the opinion on which it was based, settles the question, that the obtaining a patent for these improvements by Miller, would be conclusive in favor of complainants in the amended bill. In this view of the case, it appearing in the case that Miller has obtained a patent for his improvements, and these improvements having been held by tbe court to have been attached to the machine sold, the fact is settled on which, in the language of the opinion, the case turns, and the complainants are entitled to a decree in their favor on the amended bill. A decree will be drawn here in conformity to this opinion.
The costs of the original and amended bill will be paid by complainants up to the time of remanding the case to the Chancery Court by this court. The costs of the amended bill, and subsequent litigation, will be paid by defendants.